OPINION OF THE COURT
C. Stephen Hackeling, J.
This decision arises out of the commercial claims complaint of plaintiff Dependable Ambulette, Inc., dated March 24, 2003, which was tried on May 6, 2004. The defendant, Progressive Insurance Co., has raised oral, jurisdictional and merit defenses. Written answers are not required pursuant to UDCA 1804-A which dispenses with most rules of “practice, procedure, pleading or evidence” and which requires the claim to be resolved in a manner as to provide “substantial justice” according to the rules of “substantive law.”
The Facts
The undisputed relevant facts are the plaintiff rendered ambulette services on several dozen occasions to Boris Cherkalin between September 30, 2002 and January 4, 2003 and took an assignment of his claim as against the patient’s motor vehicle no-fault insurer Progressive Ins. Co. of New York. Plaintiff billed Progressive $2,600 for said services and received a timely written denial of the claims.
Jurisdictional Defense
The defendant first argues that plaintiff lacks jurisdiction to bring this proceeding pursuant to the provisions of UDCA 1809, which provides: “[n]o corporation . . . and no assignees of any claim shall institute an action or proceeding under this Article . . . .” The defendant submitted the unreported decision of the New York City Court, Judge Pineda-Kirwan, dated April 20, 2004, in support of this position. This decision references an analogous sister statute of the New York City Civil Court Act, section 1809.
While persuasive in a small claims proceeding, defendant’s precedent is inapplicable to a commercial claim action brought pursuant to article 18-A of the Uniform District Court Act. The jurisdictional limitations and prohibition against assignees is limited to article 18 claims. The subject action is brought under article 18-A (commercial claims), which is a separate and distinct article. The commercial claims article does not bar corporate assignees from instituting an action. It only limits *230 these plaintiffs to five actions per month. (See, UDCA 1803-A.) Accordingly, the court finds that plaintiff has jurisdiction to maintain this action.
Are Assigned Ambulette Services Eligible for No-Fault Reimbursement
The dispositive issue presented in this action is whether assigned ambulette services are eligible for reimbursement under the No-Fault Law, Insurance Law § 5102. The facts are not in dispute as the defendant’s only ground for denying payment was stated to be:
“Regulation No. 68 (11 NYCRR 65), [65-3.11] Direct Payments (a),
“ ‘An insurer shall pay benefits for any element of loss, other than death benefits, directly to the applicant or, when appropriate, to the applicant’s parent or legal guardian or to any person legally responsible for the necessities, or upon assignment by the applicant or any of the aforemention persons, shall pay benefits directly to providers of health care services as covered under section 5102 (a)(1) of the Insurance Law, or to the applicant’s employer for loss of earnings from work as authorized under section 5102 (a) (2) of The Insurance Law. Death Benefits shall be paid to the estate of the eligible injured person.’ Since you are not a provider of health care services, you cannot be paid directly by an insurer. Direct payment of the claimed benefits to you is therefore denied. You must seek payment from the applicant and any claims for reimbursement filed by the applicant, will then be considered.”
For services to be reimbursable under New York’s No-Fault Law they must be medically necessary health services as enumerated under Insurance Law § 5102 and subject to the requirements of No-Fault Regulation 68 (11 NYCRR 65-4.15).
Insurance Law § 5102 determines whether a particular service or product purchased is a covered expense eligible for reimbursement under the No-Fault Law. The statute reads as follows:
“All necessary expenses incurred for: (i) medical, hospital (including services rendered in compliance with article forty-one of the public health law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental ambulance, *231 x-ray, prescription drug and prosthetic services; (ii) psychiatric, physical and occupational therapy and rehabilitation; (iii) any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of this state; and (iv) any other professional health services . . . For the purpose of determining basic economic loss, the expenses incurred under this paragraph shall be in accordance with the limitations of section five thousand one hundred eight of this article.” (Insurance Law § 5102 [a] [1].)
The term “any other professional health services” covered under section 5102 (a) (1) (iv) is defined under Regulation 68 (11 NYCRR 65-4.15 [o] [1] [vi]) as follows:
“The term any other professional health services, as used in section 5102 (a) (1) (iv) of the Insurance Law, this Part and approved endorsements, shall be limited to those services that are required or would be required to be licensed by the State of New York if performed within the State of New York. Such professional health services should be necessary for the treatment of the injuries sustained and within the lawful scope of the licensee’s practice. Charges for the services shall be covered pursuant to schedules promulgated under section 5108 of the Insurance Law and Part 68 of this Title (Regulation 83). The services need not be initiated through referral by a treating or practicing physician.”
For a service rendered to constitute a reimbursable health service, it must fall under one of the enumerated categories included as expenses insured pursuant to section 5102 (a) (1) (i), (ii) and (iii), or it must fall under the category of “(iv) any other professional health services” under Regulation 68. To be covered under this category, the service rendered must be a health service licensed under New York law and, when performed, such health service must fall within the lawful scope of the provider’s license. (See Insurance Law § 5102 [a] [1] [iv]; 11 NYCRR 65-4.15 [o] [1] [vi].) Ambulette services are authorized by the New York State Department of Transportation to “ [transit disabled persons.” (2003 Ops NY Dept Transp No. 9 [Jan. 16, 2003].) These services do not constitute covered expenses incurred pursuant to section 5102 (a) (1) (i), (ii) or (iii) or “any other professional health services” as defined in section 5102 *232 (a) (1) (iv) and Regulation 68. The only possible reimbursement for ambulette services would be for “other reasonable and necessary expenses,” up to $25 per day. (See Insurance Law § 5102 [a] [3].)
The defendant argues it is not even liable for the reduced $25 a day exception. It questions whether an ambulette company may receive payment directly from a no-fault insurer pursuant to an assignment of benefits. Prior to April 5, 2002, Regulation 68 permitted assignment to any “provider of services” making no distinction between providers based upon particular categories of reimbursable expenses. The revised Regulation 68 allows direct payments to be made only to “providers of health care services.” (See 11 NYCRR 65-3.11 [a].) Reasonable and necessary expenses are now nonreimbursable. There is no dispute that this claim arose in December of 2002, and the defendant is not a “provider of health care services.” Rather, plaintiff is a section 5102 (a) (1) (iv) other “health service,” which is not covered.
Accordingly, the plaintiffs complaint is dismissed.